## Commonwealth v. Edwards, Jr.

*John E. Landis*, for Commonwealth.

*Cassin W. Craig* and *Herbert Goldberg*, for condemnees.

HONEYMAN, J., August 10, 1972.—This proceeding is an appeal by the Commonwealth of Pennsylvania to this court from the report of the board of viewers and award. The undersigned judge presided at a pretrial conference on July 28, 1972. At that time, it was agreed to submit the matter for adjudication on a case stated, because there was no factual dispute. The following is a summary of the undisputed facts.

The Commonwealth of Pennsylvania, Department of Environmental Resources, filed a declaration of taking of the condemnees' property on April 8, 1970. The premises involved are located in Skippack Township, Montgomery County, Pa., as described more particularly in deed book 2344, page 353.

At the time of condemnation, the only improvement on the subject premises was an old vacant dwelling house and the condemnees were not in physical possession thereof at the time of condemnation, nor have they been thereafter. On August 16, 1971, a board of viewers was appointed. The report of the board of viewers was filed November 8, 1971, which stated that this act of condemnation consisted of a total taking of the condemnees' property consisting of 15.875 acres. A partial payment was made by the Commonwealth on October 8, 1971, in the amount of $30,875. The board of viewers awarded the condemnees $37,025 and, in addition, awarded delay compensation on the full award from April 8, 1970, to October 8, 1971, and further delay compensation on $6,150 from October 9, 1971. The Commonwealth of Pennsylvania appealed from the report of the board of viewers and award. However, there is no objection to the amount of the award itself, but only to the award of delay compensation on the full award up to the date of the partial payment. The delay compensation on the $6,150, as well as the $6,150 itself, have now been paid by the Commonwealth. The condemnees did not have the benefit of legal counsel until approximately July 8, 1971, on which date Herbert Goldberg, Esq., as counsel for the condemnees, made demand for payment of the amount admitted to be due, viz., $30,875. In response thereto, the Commonwealth took the position that there had not been a formal tender of possession of the premises and by letter dated August 5, 1971, addressed to Mr. Charles K.

Fox, Land Acquisition Specialist of the Department of Environmental Resources, Commonwealth of Pennsylvania, Mr. Goldberg, on behalf of the condemnees, tendered possession of the premises, renewed his demand for payment of the $30,875, requested the Commonwealth to lease the premises back to them for $15 per month, subject to 30-day termination notice, and finally requested the Commonwealth to obtain a reappraisal of the property. The Commonwealth now admits that it owes delay compensation from July 8, 1971, to October 8, 1971, which amounts to $555.38. Theretofore, the disputed delay compensation amounted to $3,332.25, thus presently leaving the amount in dispute as $2,776.87.

## DISCUSSION OF LAW

The condemnee is entitled to delay compensation from the date of the declaration of taking. Section 611 of the Eminent Domain Code of June 22, 1964, Sp. Sess., P.L. 84, 26 PS §1-611, provides:

"The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee."

In Pittsburgh Urban Redevelopment Authority v. Cleban, 216 Pa. Superior Ct. 269 (1970), at page 277, the court stated:

"But said section 611 was only intended to permit the payment of delay compensation and the payment of rent to offset each other."

Defendant was at no time in possession of the property in question. The comments of the Joint State Government Commission to section 611 make it perfectly clear that a condemnee not in possession of the condemned property is entitled to delay compensation from the date of the declaration of taking.

Frankly, the court is at a loss to understand the basis for the Commonwealth's position herein. Apparently, it is based upon an erroneous interpretation of section 407 of the code, 26 PS §1-407. That section clearly does not impose tender of possession as a condition-precedent to the payment or offer of payment by the condemnor, nor does it bear upon the issue of delay damages. Even if there were some slight use made of the premises by the condemnees after the declaration of taking, that could not be sufficient to toll the running of delay damages. There must be a showing of benefit therefrom accruing to the condemnees in order to set off the value thereof against delay compensation. Such is not present herein. See Pittsburgh Urban Redevelopment Authority v. Cleban, supra.

## ORDER

And now, August 10, 1972, the condemnor, Commonwealth of Pennsylvania, is directed to pay the balance of delay compensation, viz., $2,776.87, to the condemnees forthwith.